# AHMAD KESHAVARZ
## Attorney at Law

16 COURT ST., 26TH FLOOR    WWW.NEWYORKCONSUMERATTORNEY.COM    Telephone: (718) 522-7900
BROOKLYN, NY 11241-1026    E-mail: ahmad@NewYorkConsumerAttorney.com    Fax: (877) 496-7900

July 12, 2024

**VIA ECF**
The Honorable Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**     Joint Letter for July 19, 2024 Initial Conference
                   *Nunez v. Jay Zed LLC, et al.,* **Case 1:24-cv-03949-BMC**

Dear Judge Cogan:

       The undersigned, along with co-counsel at Brooklyn Legal Services, represents Epifania Nunez concerning the above captioned lawsuit in the Eastern District of New York Court for violations of the Fair Debt Collection Practices Act (FDCPA) and related state law. The parties jointly file this letter pursuant to Your Honor's directive "to file on the docket a joint letter five days prior to the conference with a brief description of the case, including factual, jurisdictional, and legal basis for the claim(s) and defense(s); and addressing any contemplated motions."

1. **Brief Summary of Facts**
    a. **Plaintiff's Perspective**

       Ms. Nunez is a low-income single mother who receives Section 8 voucher assistance from the New York City Department of Housing Preservation and Development ("HPD") for rent. She has lived at 66 Lewis Avenue, Apt. 07, Brooklyn, New York 11206 for twenty years. Defendant Brooklive Management LLC ("Brooklive"), the managing agent of 66 Lewis Avenue and agent of the owner of 66 Lewis Avenue, Defendant Jay Zed LLC ("Jay Zed"), and Defendant Jason Vorchheim, identified as registered managing agent for the building, (collectively "Landlord Defendants"), demanded payment from Ms. Nunez repeatedly for rent that she did not owe, specifically by billing Ms. Nunez repeatedly for a monthly rental amount in excess of her share – in other words, rent covered by the Section 8 vouchers, which were not being received by the Landlord Defendants due to their own neglect in maintaining habitable conditions in the 66 Lewis Avenue building. Jay Zed, its managing agent Brooklive, and their attorneys, Defendant Smyth Law P.C. ("Smyth Law"), Defendant Christina Smyth, ("Ms. Smyth"), and Defendant Christina Williams ("Ms. Williams") (collectively "Attorney Defendants") made false representations in verbal and written communications that Ms. Nunez was obligated to pay money or face eviction, despite knowing that Ms. Nunez did not owe the rent they alleged she owed.

       On July 7, 2023, Attorney Defendants initiated a baseless eviction proceeding on behalf of Jay Zed via Verified Petition in New York City Housing Court, Kings County, for fictitious rent arrears, late charges, and legal fees that Defendants knew Ms. Nunez did not owe. Ms. Nunez was forced to take time off work for court appearances and for meetings with her attorneys to defend against the baseless lawsuit, and she suffered emotional distress as a result of Defendants' actions.

### b. Defendants' Perspective

Defendants Christina Smyth and Smyth Law P.C. (collectively "Smyth Defendants") did not engage in any unfair debt collection practices. It brought a legally permissible lawsuit to collect on a debt that was owed to co-defendants. When it received documentation that the debt was not in fact owed by Plaintiff, it promptly discontinued the action.

## 2. Jurisdictional Basis for Claims and Defenses
### a. Plaintiff's Perspective

This Court has Federal Question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d), under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state claims (NY Judiciary Law § 487, GBL § 349, negligence, and gross negligence) pursuant to 28 U.S.C. § 1367 because they share a common nucleus of operative fact with the federal claim and are so related to the federal claim as to form part of the case or controversy under Article III of the United States Constitution.

### b. Defendants' Perspective

The Smyth Defendants do not have any jurisdictional objections at this time. However, if the FDCPA claims are subsequently dismissed or discontinued then the Court would no longer have jurisdiction over the Smyth Defendants.

## 3. Legal Basis for Claims and Defenses
### a. Plaintiff's Perspective

The Attorney Defendants violated 15 U.S.C. §§ 1692e and 1692f of the FDCPA by using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; falsely representing or implying that a communication is from an attorney; threatening to take and actually taking an action prohibited by law; using any false, deceptive or misleading representations or means; using unfair or unconscionable means; and collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. The deceptive conduct forming the basis of Plaintiff's claims under 15 U.S.C. § 1692e also constitute violations of NY Judiciary Law § 487 by Attorney Defendants as they were done intentionally and with wanton disregard for the Plaintiff's rights, and were misrepresentations part of a broader deceptive scheme beyond the lawsuit against Ms. Nunez.

The deceptive conduct forming the basis of Plaintiff's claims under 15 U.S.C. § 1692e also constitute violations of GBL § 349 by all Defendants because they are deceptive to a reasonable consumer and are consumer-oriented (being aimed at consumers who are similarly situated to Ms. Nunez, as laid out in the examples of similar conduct towards other consumers in Plaintiff's Complaint). All Defendants owed a duty to Ms. Nunez as creditors or as debt collectors to exercise reasonable care in the collection of debts, which they breached by bringing a baseless lawsuit against Ms. Nunez. *Hawkins-El v. First American Funding, LLC*, 891 F. Supp. 2d 402, 412 (E.D.N.Y. 2012), aff'd 529 F. Appx. 45 (2d Cir. 2013). Defendants' breach of their duty of care

was so wantonly reckless as to constitute gross negligence. Defendants were also negligent *per se* by breaching their duty to not violate GBL § 349.

### b. Defendants' Perspective

The allegations against Defendants Christina Smyth and Smyth Law P.C. (collectively "Smyth Defendants") are that it brought a legally permissible lawsuit to collect on a debt that was owed to co-defendants. When it received documentation that the debt was not in fact owed by Plaintiff, it immediately discontinued the action. These facts are insufficient as a matter of law to maintain Plaintiff's claim.

More specifically, in defense to the FDCPA claims, the Smyth Defendants did not make any false, misleading, or deceptive statements in seeking to collect on a debt. Also, it used legally permissible means to collect on a disputed debt. Alternatively, any error was a bona fide error as the error was not intentional, was made in good faith, and there are reasonable procedures in place to avoid the error.

The Smyth Defendants' defenses to the GBL claims are (1) it did not make any false, misleading, deceptive statements; (2) it did not engage in any conduct that is "shockingly unjust or unfair, or affronting the sense of justice, decency or reasonableness" as required by the statute; and (3) the commencement of a single lawsuit against Plaintiff is not consumer-oriented as required by the statute.

Plaintiff's claim for negligence in the debt collection context would only be based upon the failure to comply with the FDCPA or GBL § 349. Since there is no violation of these statutes for the reasons set forth above, then there would be no duty of care or breach of the required duty of care as required to maintain a negligence claim.

Plaintiff's Judiciary Law § 487 claim is not viable because Plaintiff has failed to allege with particularity intentional fraud/deception on the Court. Additionally, a Judiciary Law § 487 claim must be dismissed where, as here, an attorney advocates a reasonable interpretation of a document or facts in the light most favorable to their clients, even if that position is ultimately wrong. And lastly, nothing in the allegations or Smyth Defendants' conduct would rise to the levels of egregious and near criminal behavior required to maintain a claim for gross negligence or an award of punitive damages.

The Smyth Defendants are submitting this joint letter prior to answering and reserve their rights to supplement or revise these defenses as appropriate based upon any facts that are learned during discovery and depositions.

### 4. Contemplated Motions

Plaintiff anticipates filing a motion for summary judgment on her FDCPA claims after the completion of discovery. The Smyth Defendants anticipate filing a motion for summary judgment dismissing all claims against it after the completion of discovery.

Respectfully,
/s/
Ahmad Keshavarz, Esq.

4863-3309-8960, v. 2