UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
EPIFANIA NUNEZ,
                              Plaintiff,  :  Case No.: 1:24-cv-3949-VMS
– against –
SMYTH LAW P.C., CHRISTINA SMYTH, and
CHRISTINA WILLIAMS,
                             Defendants.
----------------------------------------------------------------- X

## [PROPOSED] PROTECTIVE ORDER

MAGISTRATE JUDGE VERA M. SCANLON:

      WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

      WHEREAS, the Parties, through counsel, agree to the following terms; and

      WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

      IT IS HEREBY ORDERED that any person subject to this Order — including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

      1.    With respect to "Discovery Material" (<u>i.e.</u>, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as

1

"Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

    2.  The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    (a)  previously un-disclosed net worth and financial information (including tax returns, bank statements, profit/loss statements, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b)  previously non-disclosed business plans, service or product-development information, operations manuals, client lists, or marketing plans;

    (c)  medical records;

    (d)  any information of a proprietary, personal or intimate nature; or

    (e)  any other category of information this Court subsequently affords confidential status.

    3.  With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. The method that Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material is by notifying the reporter and all counsel of record, in writing, within 30 days after: (i) the deposition transcript has been provided to counsel for the deponent; or (ii) the court reporter makes the deposition available to the deponent for review and inspection, of the specific pages and lines of the transcript that are to be designated "Confidential." During the aforementioned period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

4. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

5. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this

        Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)    any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)    this Court, including any appellate court, its support personnel, and court reporters.

6.    The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

7.    In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall make a request to the Court by

4

letter explaining the reasons for seeking to file that submission under seal. If a request for redactions is based on another party's designation of information as confidential, the parties shall confer and jointly submit the request for redactions. The letter requesting redactions must include as attachments: (1) one full set of the motion papers or other relevant filings with the Confidential Materials highlighted (i.e., highlighting those words, phrases, or paragraphs for which the party seeks redaction); and (2) only those pages, clean and unredacted, that contain Confidential Materials for which the parties seek to be filed under seal.

### 8. CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1.  <u>Timing of Challenges.</u>  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

8.2.  <u>Challenge to Designation</u>.  If a Challenging Party contends that a confidentiality designation was not proper, the Challenging Party may at any time give written notice by way of email to the Designating Party stating that it is objecting to the confidentiality designation and providing a summary of reason(s) for the objection(s).  Should the Designating Party wish to maintain the confidentiality of the Discovery Material, counsel for said party will, no later than ten (10) business days following the issuance of such written notice, the Designating Party and shall meet and confer telephonically with the Challenging Party, to attempt in good faith to resolve the dispute without the need for court

intervention. In the event the dispute is not resolved between the Parties during the meet and confer, the Designating Party shall have fourteen (14) days from the date of the telephonic "meet and confer" to apply to the Court for an order specifically designating the Discovery Material at issue as confidential. The Party seeking such an order has the burden of establishing good cause for the Discovery Material to be treated as confidential.

8.3.   <u>Treatment of Information While Challenge is Pending.</u> Notwithstanding any challenge to the designation of Discovery Material as Confidential, all materials designated as such must be treated as such and subject to this order until one of the following occurs:

    a.   the Designating Party withdraws its confidentiality designation in writing;

    b.   the Designating Party fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation and the failure of the parties to reach an agreement during the telephonic meet and confer detailed in paragraph 8.2 above; or

    c.   the Court decides the material at issue is not subject to protection as confidential.

9.   Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding.

Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

10. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

11. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. Within 60 days of the final disposition of this action — including all appeals — all recipients of Confidential Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute

Confidential Discovery Material remain subject to this Order.

13. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

14. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED:

_____          Dated: _____
U.S. MAGISTRATE JUDGE VERA M. SCANLON


THE LAW OFFICE OF AHMAD KESHAVARZ

By: /s/ Ahmad Keshavarz
Ahmad Keshavarz, Esq.
Judith B. Miller, Esq.
16 Court Street, 26th Floor
Brooklyn, New York 11241
(718) 522-7900
ahmad@newyorkconsumerattorney.com
*Attorneys for Plaintiff*

RIVKIN RADLER, LLP

/s/ William Schleifer
Kenneth Adam Novikoff, Esq.
William Louis Schleifer, Esq.
EAB Plaza
Uniondale, NY 11556
(516) 357-3333
ken.novikoff@rivkin.com
William.schleifer@rivkin.com
*Attorneys for the Defendants*

BROOKLYN LEGAL SERVICES

/s/ Amanda Perez
Amanda Perez, Esq.
Sara Linda Manaugh, Esq.
105 Court Street, 4th Floor
Brooklyn, NY 11201
aperez@lsnyc.org
smanaugh@lsnyc.org
(718) 233-6413
(718) 237-5552
*Attorneys for Plaintiff*